**Affirmed and Opinion Filed November 5, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01431-CR

**CODY TYLER JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-00978-Q**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Cody Tyler Jones was charged with injury to a child. Under an agreement with the State, he pleaded guilty and was placed on deferred adjudication for seven years. The State moved to adjudicate his guilt on the ground that he violated condition q of his community supervision and following a hearing, the trial court granted the State's motion and sentenced appellant to ten years in prison. In a single issue, appellant claims the evidence adduced at the hearing fails to establish he violated condition q as alleged by the State. We affirm.

Appellant was initially charged with the aggravated sexual assault of a thirteen-year-old child. The State offered to reduce that charge to a lesser charge of injury to a child in exchange for appellant's guilty plea. During the November 9, 2012 hearing when appellant was placed on community supervision, the trial court ordered him to the Dallas County Judicial Treatment

Center at Wilmer for drug and alcohol treatment. The trial court stated appellant was to "successfully complete the Wilmer program" before having a sex offender evaluation because the court did not "want anything messing him up going [to Wilmer]." The State agreed and suggested that if the sex offender evaluation "doesn't indicate that he has any problems, [the State would agree] to – to withdraw–[requirement q] from his probation." Appellant then pleaded guilty, and the trial court deferred adjudication of guilt, placed him on seven years community supervision, and signed the order with the conditions of community supervision, including condition q which provides:

> Within 45 days from referral, [appellant must] participate in counseling through An Approved Registered Sex Offender Treatment Provider and continue in counseling as required making observable deliberate and diligent effort to comply with all directives and instructions provided by The Registered Sex Offender Treatment Provider or its staff.

The notation "SEX OFFENDER EVALUATION" was handwritten at the end of condition q.

On December 7, 2012, the trial court modified appellant's conditions of probation, deleted the condition requiring he attend the Wilmer treatment center and added the condition that appellant participate and complete the Substance Abuse Punishment Facility Program. In late March 2014, the State moved to adjudicate guilt alleging appellant violated "condition (q) in that s(he) was unsuccessfully discharged from Sex Offender Treatment." Following a hearing, the trial court granted the State's motion and sentenced appellant to ten years in prison.

In his sole issue, appellant claims the evidence is insufficient to show he violated condition q because the condition required only that he be evaluated for sex offender treatment, not that he attend or complete treatment. He also says the evidence does not show he was unsuccessfully discharged from sex offender treatment and the trial court erred by adjudicating his guilt based on this allegation.

We review a trial court's decision to revoke probation and adjudicate guilt for an abuse of discretion, taking into account the sufficiency of the evidence supporting the basis for revocation. *Hacker v. State*, 389 S.W.3d 860, 865–66 (Tex. Crim. App. 2013). The State must prove a ground for revocation of probation by a preponderance of the evidence. *See id*. at 864–65. The trial court is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Id*. at 865.

Appellant's argument that he was not required to attend sex offender treatment is based on a poor copy of the conditions of probation that appear in the clerk's record. He says condition q "appears" to be "crossed out." Condition q on that copy seems to have been highlighted and is, in fact, difficult to read. However, a review of the record shows that during the September 19, 2014 hearing on the State's motion to proceed with an adjudication of guilt, the State offered, and the trial court admitted without any objection, a copy of the November 2012 "Conditions of Community Supervision" signed by appellant and the trial court. This copy is State's exhibit 2 and is contained in the reporter's record. Condition q, which states appellant "must participate in counseling through An Approved Registered Sex Offender Treatment Provider and continue in counseling as required making observable deliberate and diligent effort to comply with all directives and instructions provided by The Registered Sex Offender Treatment Provider or its staff," is not crossed out or highlighted. Thus, contrary to appellant's assertions, condition q was a valid requirement of appellant's community supervision.

The reporter's record from the November 2012 hearing shows the trial court wanted appellant to complete the Wilmer treatment program before being evaluated for sex offender treatment. And while the State agreed appellant should not be required to attend sex offender treatment *if* the evaluation revealed he did not have a problem, the record shows he was evaluated and, in light of the results, was admitted to sex offender treatment for group therapy.

On this record, we conclude appellant's claim that he was required only to be evaluated lacks merit.

To the extent appellant argues, in a single sentence, that there is no evidence he "was unsuccessfully discharged" from sex offender treatment, the record shows the opposite. Tonya Butler testified during the September 2014 hearing that appellant was referred to her for a sex offender evaluation by his probation officer. While Butler was conducting the evaluation, appellant admitted he "reoffended for a sexual assault against a 13-year-old" after completing the thirteen-month Wilmer drug program. Butler completed the evaluation and recommended appellant be transferred to the sex offender treatment unit for supervision. In addition, she recommended he (1) undergo a psychological assessment, (2) refrain from using alcohol, drugs, and pornography, (3) complete annual maintenance and monitoring polygraphs, (4) complete an immediate monitoring polygraph, and (5) attend weekly group therapy.

Appellant attended Butler's weekly group therapy sessions from December 27, 2013 until he was unsuccessfully discharged on March 25, 2014. Butler stated she discharged appellant because during the sessions, he disclosed he was continuing to commit sexual offenses and display inappropriate behavior. When asked to elaborate, Butler said appellant admitted (1) assaulting two minors, (2) following numerous girls, ranging in age from 12 to 15 years of age, from the bus stop to their homes and saying he "was scared of what he would do every time he followed [the girls] home," (3) exposing his penis to approximately fifteen to twenty victims ranging in ages from 3 to 12 years old, (4) exposing his penis to numerous adults, including an adult female at a car wash approximately one week before he was discharged, (5) masturbating in the presence of others, including a three-year old child, (6) looking at child pornography, (7) researching date-rape drugs, and (8) attempting to penetrate a dog on four occasions. According

to Butler, appellant was not "treatable" in her program, and he "doesn't want to stop doing what he's doing."

In light of this record, we conclude the trial court did not abuse its discretion adjudicating appellant guilty. We overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.7
141431F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CODY TYLER JONES, Appellant

No. 05-14-01431-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-00978-Q.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 5, 2015.